**O**

# United States District Court
# Central District of California

FUEL INDUSTRIES, INC.,

          Plaintiff,

     v.

FUEL, LLC; GRANTOO, LLC; FUEL POWERED, INC.,

        Defendants.

Case No. 2:14-cv-09794-ODW-SH

**ORDER DENYING DEFENDANTS'
MOTION TO DISMISS [16]**

## I.   INTRODUCTION

Plaintiff filed the instant trademark infringement action, but did not serve Defendants within 120 days as required by Federal Rule of Civil Procedure 4(m).[1] Defendants filed the instant Motion to Dismiss for failure to serve before that 120-day deadline. (ECF No. 16.) For the reasons discussed below, the Court **DENIES** Defendants' Motion to Dismiss.[2]

## II.   FACTUAL BACKGROUND

On December 23, 2014, Plaintiff Fuel Industries, Inc., filed its initial Complaint for trademark infringement against Defendants Fuel, LLC, and Grantoo, LLC.

---

[1] All Rules refer to the Federal Rules of Civil Procedure, unless otherwise noted.

[2] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

(Compl., ECF No. 1.)   Thus, according to Rule 4(m)'s 120-day service period, Plaintiff had until April 22, 2015, to effect service on Defendants.   (Mot. 2.) However, Defendants had actual notice of the lawsuit within days of Plaintiff's filing. (Mot. 1; Opp'n 2.)

In the following weeks, the parties communicated about various aspects of the case, including settlement and service.[3]   (Mot. 1; Opp'n 2–3.)   Settlement talks ultimately broke down, and Plaintiff continued investigating Defendants' conduct. (Opp'n 3.)   On May 6, 2015, after conferring with one of Plaintiff's CEOs,[4] Plaintiff served Defendants via email fourteen days after the 120-day service period had expired. (Mot. 2; Opp'n 4, 8.)   Despite being aware of Plaintiff's lawsuit, Defendants expressed surprise at service.  (Mot. 4.)   Plaintiff asked whether Defendants intended to contest the timing of service, and Defendants did not respond.  (*Id.*)

On May 27, 2015, Defendants filed a Motion to Dismiss Plaintiff's Complaint *with prejudice*.   (ECF No. 16.)   Defendants' counsel did not meet and confer with Plaintiff's counsel before filing the Motion.  (Opp'n 4.)   Defendants argue the Court should dismiss the case because Plaintiff served Defendants after 120 days, and dismissal should be with prejudice because Plaintiff's delay constitutes a lack of prosecution under Rule 41(b).  (*Id.* at 2–3.)

## III.   DISCUSSION

### A.   Rule 4(m)

A defendant must be served within 120 days after the complaint is filed.  Fed. R. Civ. P. 4(m).   If a plaintiff fails to timely effect service, the court must either "dismiss the action *without prejudice* or order that service be made within a specified time."   *Id.* (emphasis added).   The court has broad discretion to extend the time for service.  *Henderson v. United States*, 517 U.S. 654, 661–62 (1996).

---

[3] On February 9, 2015, Counsel for Defendants agreed to accept service via email on behalf of Defendants.  (Mot. 1, Decl. Cajina, Ex. A.)

[4] Plaintiff has at least two CEOs.  Plaintiff asserts that, before May 6, one CEO was "relatively unavailable" due to a family emergency.  (Opp'n 4.)

Rule 4(m) requires a district court to grant an extension of time for service if Plaintiff shows good cause. *Efaw v. Williams*, 473 F.3d 1038, 1040–41 (9th Cir. 2007). Whether good cause for the delay has been shown is determined on a case by case basis. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Rule 4(m) also permits the district court to grant such an extension *even absent* good cause, and *even after the expiration* of the 120-day period. *Efaw*, 473 F.3d at 1041; *see Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). When determining whether to extend time for service, the court may consider factors like prejudice to a defendant, actual notice, length of delay, and whether statutes of limitation will bar a plaintiff from refiling. *Efaw*, 473 F.3d at 1041.

Plaintiff argues good cause exists because settlement discussions, investigations, and Plaintiff's "relatively unavailable" CEO caused the delay. None of these reasons establish good cause. First, settlement discussions broke down before February 9, leaving Plaintiff nearly three months to serve Defendants before the deadline. Second, Plaintiff should have sufficiently investigated Defendants' conduct *before* filing the action. Any continuing investigations do not justify delay of service. Finally, Plaintiff fails to explain the meaning of the vague phrase "relatively unavailable," or how the availability of one of at least two CEOs caused a nearly three-month delay in service.

Although Plaintiff has failed to show good cause, the Court nonetheless finds that the relevant factors weigh in favor of extending the service period: (1) although the better course of action would have been for Plaintiff to request an extension before the service period expired, nothing indicates that Plaintiff delayed service in bad faith; (2) Plaintiff gained no benefit and Defendants suffered no prejudice from the delay; (3) Defendants had actual notice of the action within days of its filing, and engaged Plaintiff in discussions about it soon thereafter; and (4) Plaintiff's delay was minor since service occurred only fourteen days after the 120-day service period expired.

Dismissal is a harsh penalty, and should be imposed only in extreme

1  circumstances.  *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981).  Moreover,
2  even if the Court decides that dismissal is warranted, the Court must dismiss *without*
3  *prejudice*.  *United States v. 2,164 Watches, More or Less Bearing a Registered*
4  *Trademark of Guess?, Inc.*, 366 F.3d 767, 772, 773 (9th Cir. 2004) (emphasis added);
5  Fed. R. Civ. P. 4(m).  Judicial economy is not served by dismissing and forcing
6  Plaintiff to refile the case.  The factors weigh in favor of retroactively extending time
7  for service.  The Court finds that Plaintiff's procedural violation is not so egregious as
8  to warrant dismissal, with or without prejudice.

9  **B.**   **Local Rule 7-3**

10  Local Rule 7-3 requires counsel contemplating filing a motion to meet and
11  confer with opposing counsel first, and thoroughly discuss the substance of the motion
12  and any potential resolution.  *Cucci v. Edwards*, 510 F. Supp. 2d 479, 486 (C.D. Cal.
13  2007).  Failure to comply with the meet and confer requirement before filing is alone
14  sufficient to warrant denial of a motion.  *Id.*

15  Defendants concede that they failed to comply with Local Rule 7-3, and yet still
16  argue Plaintiff should have known Defendants intended to file the instant Motion.
17  (Reply 7, 8.)  When Plaintiff directly asked Defendants if they intended to contest
18  timing of service, Defendants did not respond.  From this, the Court can only conclude
19  that Defendants purposefully concealed their intent to bring the instant Motion.
20  Defendants want the Court to strictly apply the rules against Plaintiff and dismiss the
21  action *with prejudice*, yet fail to follow the most basic procedural rules themselves.

22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Motion to Dismiss, and retroactively **EXTENDS** the time for service of the initial Complaint and Summons to include May 8, 2015.

**IT IS SO ORDERED**

July 13, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**